FILED
US DISTRICT COURT
DISTRICT OF ALASKA

2005 DEC 19 PM 3: 29

Jerald L. Marcey
James B. Wright & Associates, PC
500 L Street, Suite 301
Anchorage, Alaska 99501
Ph:   (907) 277-6175
Fax:  (907) 277-6181

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DONNITA BURKS,<br>　　　　Plaintiff,<br><br>v.<br><br>BOLSHIO MISHA, INC.,<br>　Defendant & Third Party Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>　　　Third-Party Defendant. | Case No. A05-0202 CV (RRB)<br><br>**PLAINTIFF'S OPPOSITION TO UNITED STATES' 12(b)6 MOTION TO ESTABLISH THERE IS NO JURISDICTION TO GRANT PLAINTIFF A MONEY JUDGMENT AGAINST THE UNITED STATES FOR ANY APPORTIONED FAULT** |

Third-Party Defendant United States has moved for partial summary judgment on the issue of whether the Court may enter a money judgment against the United States in favor of Plaintiff Burks. United States contends that, because Burks has not made an administrative claim for damages against it pursuant to the Federal Tort Claims Act, that the United States is immune from judgment and that

Burks v Bolshio Misha, Inc. v US, Case No. A05-0202 CV (RRB)
Plaintiff's Opposition to United States' 12(b)(6) Motion
Page 1 of 14

this action should be dismissed as against the United States for lack of subject matter jurisdiction. Plaintiff Burks opposes the motion and suggests that the facts necessary to support the contentions of the United States raised in this motion have not yet been established – material facts that are essential to determine whether the Federal Tort Claims Act even applies in this instance and whether any fault may be apportioned against the United States in these circumstances at all. Plaintiff further contends, however, that if the facts as averred in the United States' Answer are accepted as true, then the action filed against the United States by Bolshio Misha should be dismissed and this matter returned to state court with no apportionment of fault to the United States.

## I.   Background

On November 9, 2002, Donnita Burks was injured after she slipped and fell on the sidewalk in front of the B&J Rainbow Center, a mall owned and operated by Bolshio Misha, Inc., located near Wasilla, Alaska. At the time of the accident, there were a number of number of different commercial tenants in the building. There is a common parking lot and a common sidewalk leading to the many entrances into the building. See photo of area, Ex. A. Ms. Burks' fall occurred as she attempted to open a door leading into the mall. Ex. B. The entrance at issue led into another common area – a foyer, that provided access to two separate spaces within the mall. One area was a branch office of the Post Office, which was

Burks v Bolshio Misha, Inc. v US, Case No. A05-0202 CV (RRB)
Plaintiff's Opposition to United States' 12(b)(6) Motion
Page 2 of 14

on the ground floor and accessed through a second inner door. The other space, accessed via a stairway inside the foyer was occupied by Bolshio's building management office. See Ex. C, showing foyer area. The walkway where the fall occurred, however, was outside and common to the entire mall and all the various tenants located there. See Ex. A, B.

Immediately after the accident, an employee of the United States Postal Service (USPS) came to Ms. Burks' aid, and after determining that Ms. Burks had been injured in her fall, escorted Ms. Burks up the stairs to the second floor office of Bolshio. There, Ms Burks spoke with an employee or agent of Bolshio and information regarding the accident was obtained from Ms. Burks – including her contact information. Soon thereafter, Ms. Burks made contact with the office of Mr. Richard Stryken, owner and president of Bolshio, and eventually she was put into contact with an adjuster for Bolshio's insurer who handled Ms. Burks claim for her injuries. At no time, until after this lawsuit was filed, was there any suggestion by Bolshio, or its insurer who investigated the claim, that Ms. Burks should make a claim against the USPS. Ex. D, Affidavit of D. Burks. In fact, although Ms. Burks actively pursued her claim against Bolshio since shortly after the accident occurred, it was only after this lawsuit was filed, that Bolshio indicated that another party might be liable for her injuries.

Burks v Bolshio Misha, Inc. v US, Case No. A05-0202 CV (RRB)
Plaintiff's Opposition to United States' 12(b)(6) Motion
Page 3 of 14

Plaintiff filed her lawsuit based on the reasonable belief, promoted by the acts of both Bolshio Misha (Bolshio) and employees of the Post Office (USPS), that it was the building owner, Bolshio that was dutibound to the public to take care of the common sidewalks and other common areas in and around its building. See Ex. D. Plaintiff fell outside the entrance to the building, which led not directly into the space rented by the post office but into an inner common area, the foyer. Accordingly, it was not apparent to plaintiff that USPS would have any duty in such an area.

After plaintiff filed her lawsuit, Bolshio changed its position, arguing that it delegated that duty to the USPS by the terms of a private contract between those two parties. Thus, any liability that the United States may have in this case is based solely upon the terms of a contract between the United States and Bolshio – a contract that the United States claims is invalid. See United States' Answer. If the facts regarding the validity of the contract, as averred by the United States are true, then the issue regarding the FTCA becomes moot. No fault may be apportioned to the United States and the United States should be dismissed from this action and the matter removed back to state court.

II.     **Argument**

**A.     The basis for the United States' liability, if any, is purely contractual, and if the terms of the contract are invalid, as claimed by the United States, then this motion should be dismissed as moot.**

Burks v Bolshio Misha, Inc. v US, Case No. A05-0202 CV (RRB)
Plaintiff's Opposition to United States' 12(b)(6) Motion
Page 4 of 14

Plaintiff initiated her suit against Bolshio based on the reasonable belief that Bolshio, as owner and landlord of the property, had a duty to the public to take care of the common sidewalks and other common areas in and around its building. Ex. D. It was not until after the lawsuit was filed that Bolshio disclosed to Ms. Burks the terms of the lease between it and the USPS.[1] Bolshio, and not Ms. Burks, then commenced this action against the United States. The liability of the USPS/ United States, if any, is solely contractual and not readily apparent to a person not privy to the contract.

Bolshio claims that the United States is liable for Ms. Burks' injuries because the duty to maintain the sidewalk outside the rental space where the post office was located was delegated to the post office pursuant to the lease agreement. Bolshio's Answer ¶3. Note, however, that the same contract provides that "all common areas and common facilities in or about the leased Premises and the Shopping Center shall be subject to the exclusive control and management of the Landlord [Bolshio]." Ex. E, pg.2, ¶5. Thus, by the terms of the contract, Bolshio maintained "exclusive" control over the common areas of the mall such as the area where plaintiff fell.

---

[1] A copy of the lease was attached to Bolshio's Answer which was served on plaintiff February 11, 2005. A copy of the lease agreement is attached hereto as Exhibit E.

Burks v Bolshio Misha, Inc. v US, Case No. A05-0202 CV (RRB)
Plaintiff's Opposition to United States' 12(b)(6) Motion
Page 5 of 14

The United States, on the other hand, claims that the contract is not valid. It claims that the person who signed the contract, on behalf of the USPS, lacked the authority to do so. See U.S. Answer to 2nd Amended Third-Party Complaint ¶¶ 2, 3, and 4. If there is no contract, there was no delegation of duty. If there was no duty, there can be no apportionment of fault to the USPS or United States.

**B.    The United States' motion is premature and removal was improper as the US has failed to certify that the potentially negligent government employee was working within the scope of his employment.**

The United States has moved to dismiss this matter for lack of subject matter jurisdiction based upon the argument that plaintiff has failed to exhaust her administrative remedies under the Federal Tort Claims Act (FTCA). The FTCA provides, in part, that the district court shall have exclusive jurisdiction of civil actions on claims against the United States for personal injury caused by the neglect or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment. 28 U.S.C. §1346(b)(2), 28 U.S.C. 2679(b)(1). The FTCA further provides that, upon certification by the Attorney General that the employee was acting within the scope of his office or employment, the United States shall be substituted as a party to the action, and an action commenced in State court shall be removed to district court of the United States. 28 U.S.C. 2679(d)(1), (2). If, however, it is determined that the employee

Burks v Bolshio Misha, Inc. v US, Case No. A05-0202 CV (RRB)
Plaintiff's Opposition to United States' 12(b)(6) Motion
Page 6 of 14

was not acting within the scope of his office or employment, then the actions shall be remanded to State court. 28 U.S.C. 2679(d)(3).

The decision of the Attorney General regarding scope of employment certification is conclusive unless challenged. 28 U.S.C. 2679(d)(2); see also Green v. Hall, 8 F.3d 695, 698(9th Cir 1993), Kitchen v. U.S., 741 F.Supp 182, 184 (D. Alaska 1989)(citing rule). Here, the U.S. Attorney has not made the certification as required under 28 U.S.C. 2679(b)(1). In fact, the United States specifically states in its Answer that the postal employee lacked the authority to enter into the contract at issue – thus his actions were outside the scope of his office or employment. That decision has not been challenged. The §2679 certification is a prerequisite to the United States' involvement in this action, and if it is determined that the employee was not acting within the scope of his office or employment the action shall be removed back to state court and Bolshio may persue its contractual claims against the USPS in a separate proceeding should it so desire.

**C.   If the United States prevails in this motion, dismissal of the U.S. must be without prejudice pursuant to 28 U.S.C §2869(d)(5).**

Where an action in which the United States is a party is dismissed for failure to exhaust administrative remedies under the circumstance present here, 28 U.S.C. §2869(d)(5) also provides that a subsequent claim under the FTCA will be

Burks v Bolshio Misha, Inc. v US, Case No. A05-0202 CV (RRB)
Plaintiff's Opposition to United States' 12(b)(6) Motion
Page 7 of 14

considered timely if: (1) the claim would had been timely had it been filed on the date the underlying civil action was commenced, and (2) if a claim is presented to the appropriate Federal agency within 60 days after dismissal of civil action. See also Filaski v. U.S., 776 F.Supp 115, 117-118(E.D. N.Y 1991), Jackson v. U.S., 789 F.Supp 1109, 1111 (D. Colo. 1992). Here, plaintiff's civil action against Bolshio was commenced within the applicable two-year statute of limitations. 28 U.S.C. §2401(b), provides for a two-year statute of limitations for tort claims filed against a government agency. Had plaintiff been made aware of the alleged delegation of duty to the USPS under the terms of the Bolshio contract, a claim under the FTCA would have been timely had it been filed at the time the underlying civil action was commenced in state court. Thus, if the United States is dismissed for lack of jurisdiction for plaintiff's failure to present a claim under the FTCA, the dismissal is without prejudice as long as plaintiff submits a FTCA claim within 60 days of the dismissal. Filaski v. U.S., 776 F.Supp 115, 117-118(E.D. N.Y 1991), Jackson v. U.S., 789 F.Supp 1109, 1111 (D. Colo. 1992).

**D. Issues relating to the validity of the contract and certification regarding whether the government employee acted within the scope of his employment must be decided before any fault may be apportioned to the United States to avoid the possibility of collusion on the contract.**

The contract between Bolshio and the USPS also contains a hold harmless clause running in favor of Bolshio. Ex. E, ¶8.3. That clause provides that the

Burks v Bolshio Misha, Inc. v US, Case No. A05-0202 CV (RRB)
Plaintiff's Opposition to United States' 12(b)(6) Motion
Page 8 of 14

tenant (USPS) shall indemnify and hold the landlord harmless for all claims arising from the tenant's use of the premises.

Under the facts as set forth by the United States, this hold harmless agreement would have no effect as the contract would be void. That result, as discussed above, should result in dismissal of the action against the United States filed by Bolshio, with no fault being apportioned against he U.S.

If, however, the court grants the United States' motion as presented, it would preclude plaintiff from obtaining a money recovery from the United States, yet would allow an apportionment of fault to the United States. Under the terms of the hold harmless agreement, the United States could then accept 100% blame for plaintiff's injuries to avoid the need to indemnify Bolshio and plaintiff would be without remedy for her injuries. As discussed above, 28 U.S.C. §2679 provides plaintiff with a measure of protection to prevent such an occurrence.

### E.    Bolshio concealed the potential liability of the USPS from plaintiff until more than two years after her accident, and as a result, the statute of limitations for a FTCA claim should be tolled.

The United States relies upon Raskey v. U.S., 1995 WL 696591 (D. Alaska 1995) to support its contention that there is no jurisdiction to allow a money judgment to be entered against the United States in favor of plaintiff for any percentage of fault that may be apportioned to it. Raskey, an unreported decision, is easily distinguishable from the case at hand. First, as noted by the court in

Burks v Bolshio Misha, Inc. v US, Case No. A05-0202 CV (RRB)
Plaintiff's Opposition to United States' 12(b)(6) Motion
Page 9 of 14

Raskey, the U.S. Attorney had certified that the government employees at issue had been acting within the scope of their employment when the accident occurred. 1995 WL 696591 *1. That is not the case here.

Secondly, in Raskey, the potential liability of the postal employees was very apparent – they were driving USPS vehicles when the accident at issue there occurred. In that case, the plaintiff sued Raskey, a "civilian" driver for the accident, and Raskey eventually filed a Third-Party complaint against the USPS for an apportionment of fault. The issue decided in Raskey, was whether the third-party action could be implemented after the two-year statute of limitations had run on the underlying tort claim. While that issue was decided in the affirmative, it was also held that plaintiff was time barred from obtaining a money judgment from the United States as he had failed to file a FTCA claim within two years of the accident.

As discussed above in section B, 28 U.S.C §2679 provides for a different outcome as the facts are presented here. In Raskey, the government certified that the potentially liable employees were acting within the scope of their employment and removal was proper. That is not the case here. Further, as also noted above, Ms. Burks was not privy to the terms of the contract until after this lawsuit was filed when she received a copy of the lease agreement from Bolshio. The potential liability of the USPS was not apparent to plaintiff as it was in Raskey. Plaintiff

Burks v Bolshio Misha, Inc. v US, Case No. A05-0202 CV (RRB)
Plaintiff's Opposition to United States' 12(b)(6) Motion
Page 10 of 14

did not fall on the grounds of a dedicated USPS facility; she fell on a sidewalk common to many different retail businesses within the B&J mall. A review of documents produced by Bolshio in its initial disclosures, shows that it was not until approximately a year after the accident, that Bolshio or its insurer even became aware of the possibility that the post office had assumed the duty to maintain the common sidewalk area. See Ex. F.[2] Bolshio then apparently attempted to tender the claim to the post office but never advised Ms. Burks that she should do the same. Ex. D.

In the event the court determines that §2679(d)(5) does not apply, the statute of limitations, as applied to plaintiff should be tolled due to Bolshio's concealment of the potential liability of the USPS. See e.g. Bibeau v. Pacific Northwest Research Foundation, Inc., 188 F.3d 1105 (9th Cir. 1999)(applying discovery rule to FTCA claim and tolling statute of limitations where facts relating to the potential liability of the government were not readily apparent), Barrett v. U.S., 689 F.2d 324, 330 (2nd Cir 1982)(it is illogical to require a party to sue the government for negligence at a time when the Government's responsibility in the matter is suppressed in a manner designed to prevent the party from finding out about it). Here, the fact that the USPS was potentially liable for plaintiff's

---

[2] Exhibit F contains excerpts of log notes from the insurance adjuster's file disclosed by Bolshio to plaintiff in April of 2005. All redactions to the log notes were made by counsel for Bolshio prior to disclosure.

Burks v Bolshio Misha, Inc. v US, Case No. A05-0202 CV (RRB)
Plaintiff's Opposition to United States' 12(b)(6) Motion
Page 11 of 14

injuries was concealed from plaintiff even after Bolshio became aware of the possibility. Whether the concealment was intentional or accidental is unknown; regardless, the running of the statute of limitations should be tolled as a result of that concealment. The issue of when a party should have had sufficient knowledge of a claim to trigger the running of the statute of limitations is a question of material fact and not suitable for determination on summary judgment. Bibeau, 188 F.3d at 1110.

Additionally, the decision in Raskey was issued prior to the decision issued by the Alaska Supreme Court in Alaska General Alarm, Inc. v. Grinnell, 1 P.3d 98 (Alaska 2000). In Grinnell, the court held that when a third party is brought into a lawsuit after the applicable statute of limitations had run on the underlying claim, the third party was liable to the plaintiff for damages and not merely for an apportionment of fault. Id. at 104. To do otherwise, the court found, "would encourage defense counsel to wait until the statute of limitations expired to join third parties, and would frustrate recovery by plaintiffs." Id. at 103. Here, the United States contends that federal immunity "trumps" Alaska apportionment statute and as a result is not liable for money damages. Assuming *arguendo* that this is correct, it ignores the provisions of the FTCA that allow a plaintiff, in certain circumstances, similar to those discussed in Grinnell, to file a claim under

Burks v Bolshio Misha, Inc. v US, Case No. A05-0202 CV (RRB)
Plaintiff's Opposition to United States' 12(b)(6) Motion
Page 12 of 14

the FTCA. See 28 U.S.C. §2679(d) discussed above. Doing so prevents the same harm contemplated by the court in Grinnell.

## III.   Conclusion

The United States is attempting to "put the cart before the horse" by seeking a ruling that the court lacks jurisdiction to grant a money judgment against the United States for any fault apportioned to it. If the facts as presented by the United States in its pleadings are accepted as true, then no fault should be assessed against the U.S. and the case against it should be dismissed. The fact that the U.S. Attorney has also failed to certify that the postal employee who signed the lease agreement was acting within the scope of his employment serves to support the theory that the contract is void. That fact also supports the contention that if the United States' motion is granted, any dismissal must be without prejudice and without an apportionment of fault. These issues must be decided first, before an order limiting plaintiff's remedies is issued. To do otherwise would reward a party who conceals the identity of a potentially liable actor and could also result in collusive behavior that will unduly prejudice plaintiff's claims.

Respectfully submitted this 19th day of December 2005.

JAMES B. WRIGHT & ASSOCIATES, P.C.
Attorneys for Plaintiff Donnita Burks

_____
Jerald L. Marcey, Alaska Bar No. 0111070

Burks v Bolshio Misha, Inc. v US, Case No. A05-0202 CV (RRB)
Plaintiff's Opposition to United States' 12(b)(6) Motion
Page 13 of 14

**CERTIFICATE OF SERVICE:**
The undersigned hereby certifies that on this 19 day of December 2005 a true and correct copy of the foregoing was mailed to:

Kenneth Gutsch
Richmond & Quinn, PC
360 K Street, Suite 200
Anchorage, Alaska 99501

Susan Lindquist
Assistant U.S. Attorney
222 W. 7th Ave. # 9, C-253
Anchorage, Alaska 99513-7567

*[signature]*
Kimberly Bakic

Burks v Bolshio Misha, Inc. v US, Case No. A05-0202 CV (RRB)
Plaintiff's Opposition to United States' 12(b)(6) Motion
Page 14 of 14